HAYS *et al. v.* FEDERAL LAND BANK *et al.*

(Division B.  March 28, 1932.)

[140 So. 517.  No. 29918.]

**W. U. Corley,** of Collins, for appellants.

Homer Currie and **Jos. H. Moss**, both of Raleigh, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants, Thomas Hays and others, filed a bill in the chancery court for the partition of certain lands, alleging that William Hays, deceased, homesteaded said lands, and that the title passed to him; that he died seized and possessed of said lands; and that the complainants, appellants here, and Isaac Hays, were heirs at law, together with the widow, Louisa Hays, of said William Hays. That Isaac Hays inherited a one-third interest in said land, and that Thomas Hays and Louisa Hays each inherited a one-third interest therein. That Isaac Hays, prior to his death, executed deeds of trust to the Federal Land Bank and to Horn Brothers, to secure a certain indebtedness, but that he only had a right to convey his one-third interest, and that complainants (appellants here) had never consented to said deeds of trust incumbering their land, and that they are entitled to have said land partitioned, and the respective interests of said Thomas Hays, Louisa Hays, and Isaac Hays set apart to them or to their heirs at law; and the bill prayed then for general relief.

The defendants, appellees here, filed an answer admitting that William Hays, in his lifetime, acquired title to the land in controversy, but denying that he died

seized and possessed of the fee-simple title to said land, or that the complainants, appellants here, acquired any title from him, because it is alleged that William Hays, prior to his death, executed a deed of trust to J. B. Currie, as beneficiary, on said land, dated March 23, 1914, and duly recorded, and that said J. B. Currie had his trustee to foreclose said deed of trust, which trustee's deed bears date April 2, 1921, and is duly recorded. That said J. B. Currie immediately went into possession of said land, and in 1923, he, with Homer Currie, conveyed said land to Isaac Hays, who, after acquiring such land, executed the deeds of trust to Federal Land Bank and Horn Bros.

Both defendants set up the same reasons, and the same deeds of trust and foreclosure to J. B. Currie, in their answers. They did not exhibit with their answers copies of the deed of trust to J. B. Currie, the trustee's deed to him, or copies of the deed from Currie to Isaac Hays, or copies of the deeds of trust to them.

The complainants offered proof to show their heirship to William Hays, and attempted to prove that William Hays joined in the deed of trust set up in the answer to J. B. Currie in March, 1914, and that it was due October 15, 1914, and that the record had been altered so as to change the due date to November 15, 1915, and that the mortgage was foreclosed April 2, 1921, on which date it was barred by the statute of limitation.

The court refused to permit them to so prove, and when the complainants closed their evidence, after offering to prove said facts, the defendants moved to strike out the testimony of the complainants and grant a decree for the defendants, which motion was, by the chancellor, sustained and decree entered in favor of the defendants, from which decree this appeal is prosecuted.

Under section 388, Code of 1930, and similar sections of prior codes, a replication to an answer is not required, but the cause is at issue when the answer is filed.

The defendant's answer set up their deeds, or chain of title, in recognition of the title of William Hays, and depended thereon for a divestiture of title by the foreclosure of the deeds of trust and conveyances by the purchasers thereat to Isaac Hays.

The chancellor erred in striking out the evidence introduced by the complainants and entering a decree for the defendants. There is no such practice in the chancery court as striking out evidence and granting a decree because of insufficiency of evidence to sustain the bill. That practice does not pertain to the chancery court. Pearce v. Tharp, 118 Miss. 107, 79 So. 69; Carter v. Studdard, 118 Miss. 345, 79 So. 225; and Stewart v. Coleman & Co., 120 Miss. 28, 81 So. 653.

As the matter stood when the decree was rendered upon the bill and answer and the statutory replication to the answer, the burden was upon the defendants to go forward with their proof of title under the foreclosure proceedings. Yazoo & M. V. R. Co. v. Adams, 81 Miss. 90, 32 So. 937.

It may be conceded that section 388, Code of 1930, only applies to denials, or matters alleged in answers, and that affirmative matters in confessions and avoidances should be properly pleaded; but that did not dispense with the production of proof to sustain the allegations of the answer in the present case, and, as the evidence was stricken from the record by the chancellor, there is no evidence to sustain the defendant's title set forth in the answer, and the decree was erroneous because the allegations of the answer cannot be treated as confessed in the absence of proof.

For these errors the decree will be reversed, and the cause remanded.

Reversed and remanded.